ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER IN WHICH YOU ASKED, IN EFFECT, THE FOLLOWING QUESTION:
 IN LIGHT OF ARTICLE XXIII, SECTION 10 OF THE OKLAHOMA CONSTITUTION, WHEN ARE COUNTY OFFICERS ELIGIBLE TO RECEIVE SALARY INCREASES UNDER HOUSE BILL 1568, WHICH AMENDED 19 O.S. 180.62 (1991)?
YOU HAVE REQUESTED AN INFORMAL OPINION AND THEREFORE, THE FOLLOWING ANALYSIS AND CONCLUSIONS ARE THOSE OF THE UNDERSIGNED. THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
HB 1568 AMENDS 19 O.S. 180.62 AND ADDRESSES THE BASIC SALARIES OF COUNTY OFFICERS. YOUR LETTER REFERS TO IT AS LEGISLATION "RAISING THE SALARIES" OF COUNTY OFFICERS. IN FACT, THE BILL DOES NOT MANDATE A SALARY INCREASE; IT MERELY ESTABLISHES A SALARY CAP. HB 1568 DOES NOT DICTATE THE AMOUNT AN OFFICER SHALL BE PAID.
BEFORE AMENDMENT, 19 O.S. 180.62 CONTAINED LANGUAGE THAT DICTATED "THE BASIC SALARY OF THE COUNTY OFFICERS SHALL BE . . ." HB 1568 SAYS "THE BASIC SALARY OF THE COUNTY OFFICERS SHALL NOT EXCEED . . ." UNDER HB 1568 A COUNTY OFFICER'S SALARY CAN BE RAISED OR LOWERED, SO LONG AS IT DOES NOT EXCEED THE MAXIMUMS SET FORTH IN THE BILL.
RECOGNIZING, THEN, THAT SALARY INCREASES ARE NOT MANDATORY UNDER HB 1568, THE QUESTION BECOMES WHETHER A DISCRETIONARY INCREASE CAN BE GIVEN TO COUNTY OFFICERS DURING THEIR TERMS OF OFFICE, IN LIGHT OF THE PROHIBITIONS OF ARTICLE XXIII, SECTION 10 OF THE OKLAHOMA CONSTITUTION. THE CONSTITUTIONAL PROVISION READS AS FOLLOWS:
 "EXCEPT WHEREIN OTHERWISE PROVIDED IN THIS CONSTITUTION, IN NO CASE HALL THE SALARY OR EMOLUMENTS OF ANY PUBLIC OFFICIAL BE CHANGED AFTER HIS ELECTION OR APPOINTMENT, OR DURING HIS TERM OF OFFICE, UNLESS BY OPERATION OF LAW ENACTED PRIOR TO SUCH ELECTION OR APPOINTMENT; NOR SHALL THE TERM OF ANY PUBLIC OFFICIAL BE EXTENDED BEYOND THE PERIOD FOR WHICH HE WAS ELECTED OR APPOINTED: PROVIDED, THAT ALL OFFICERS WITHIN THIS STATE SHALL CONTINUE TO PERFORM THE DUTIES OF THEIR OFFICES UNTIL THEIR SUCCESSORS SHALL BE DULY QUALIFIED."
SIMILAR STATUTORY PROVISION IS FOUND AT 19 O.S. 180.63(E) (1991):
 "COUNTY OFFICERS SHALL NOT RECEIVE ANY SALARY INCREASE OR DECREASE DURING THEIR TERM OF OFFICE UNLESS BY OPERATION OF LAW ENACTED PRIOR TO THEIR ELECTION OR APPOINTMENT."
THE LANGUAGE CLEARLY PROHIBITS CHANGING THE SALARY OF A COUNTY OFFICER DURING THAT OFFICER'S TERM OF OFFICE, UNLESS IT IS DONE BY A LAW PASSED PRIOR TO THE ELECTION OR APPOINTMENT OF THAT OFFICER.
A QUESTION SIMILAR TO YOURS WAS ANSWERED BY A.G.OPIN. NO. 81-229. IT IS IMPORTANT TO ADDRESS THE REASONS WHY THAT OPINION DOES NOT APPLY TO THE PRESENT QUESTION.
IN 1981, THE LEGISLATURE ENACTED 19 O.S. 180.62 ("1981 LAW"), DICTATING THE SALARIES FOR COUNTY OFFICERS. IT BECAME EFFECTIVE JULY 1, 1981, AND IT WAS THE STATUTORY PROVISION WHICH GAVE RISE TO OPIN. NO. 81-229. THE 1981 LEGISLATION DIFFERED FROM THE STATUTE AT ISSUE IN THIS OPINION, IN THAT IT MANDATED SALARIES AT A SPECIFIED AMOUNT, AND DID NOT MERELY PLACE A CAP ON THE AMOUNT. THE 1981 LAW CAME ABOUT AS THE RESULT OF THE CASE OF KIRK V. BOARD OF CTY.COM'RS. MUSKOGEE CTY, 595 P.2D 1334 (OKLA.1979), WHICH ESSENTIALLY STRUCK DOWN THE 1978 SALARY SCHEDULE. THE COURT IN THE KIRK CASE FOUND THAT THE APPLICATION OF ARTICLE XXIII, SECTION 10 IN 19 O.S. 180.62 (1978), VIOLATED THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION BY CREATING TWO CLASSES OF COUNTY OFFICIALS — ONE OF WHICH RECEIVED AN IMMEDIATE RAISE, THE OTHER WHICH HAD ITS RAISE POSTPONED. THE COURT ORDERED THAT ALL COUNTY OFFICIALS RECEIVE THE RAISE IMMEDIATELY. THE LEGISLATURE ADOPTED THE 1981 SALARY SCHEDULE IN RESPONSE TO THE RULING OF THE KIRK CASE.
A.G.OPIN. NO. 81-229 REASONED THAT THE EFFECT OF THE KIRK OPINION WAS TO CREATE A DISTINCTIVE CIRCUMSTANCE IN WHICH THERE WAS A STATUTORY VOID, LEAVING NO LEGISLATION WHICH FIXED THE SALARIES OF COUNTY OFFICERS. THEREFORE, RELYING ON STATE. EX REL. REARDON V. HARDER, 123 P.2D 1038 (OKLA. 1912), THE ATTORNEY GENERAL DETERMINED THAT, IN SUCH AN EXTRAORDINARY SITUATION, THE LEGISLATURE COULD ACT TO FILL THE VOID, AND ALL COUNTY OFFICIALS COULD RECEIVE THE RAISES PROVIDED FOR IN THE 1981 LEGISLATION. THUS, 81-229 ADDRESSED A UNIQUE SITUATION AND CANNOT BE APPLIED TO THE PRESENT LEGISLATION ABOUT WHICH YOU HAVE ASKED.
THE KIRK CASE DID NOT FIND ARTICLE XXIII, S 10 TO BE UNCONSTITUTIONAL, AND A.G.OPIN. NO. 81-229 AFFIRMED THAT ARTICLE XXIII, SECTION 10 IS STILL THE CONTROLLING LAW IN THIS STATE. IN VIEW OF THE PROHIBITION IN ARTICLE XXIII, SECTION 0, IT IS, THEREFORE, MY OPINION THAT THE LAW PROHIBITS COUNTY OFFICERS WHO WERE IN OFFICE ON JULY 1, 1993, WHEN HB 1568 BECAME EFFECTIVE, FROM RECEIVING ANY CHANGE IN PAY BY VIRTUE OF THAT BILL DURING THEIR TERM OF OFFICE. THIS FINDING IS VERY IMPORTANT, AS OTHERWISE THERE IS THE POSSIBILITY NOT ONLY OF A PAY INCREASE BUT A DECREASE AS WELL.
AS FOR COUNTY OFFICERS WHOSE TERMS BEGIN AFTER THE EFFECTIVE DATE OF HB 1568, ARTICLE XXIII, SECTION 10 WOULD NOT PREVENT A CHANGE FROM THE SALARY THAT WAS PAID FOR THESE POSITIONS PRIOR TO HB 1568. HOWEVER, THERE IS A QUESTION AS TO WHETHER THE KIRK CASE WOULD MANDATE THAT IF ANY OFFICER'S SALARY IS CHANGED, ALL MUST BE CHANGED OR, CONVERSELY, IF AN INCUMBENT'S SALARY CANNOT BE CHANGED, NEITHER CAN THAT OF A COUNTY OFFICER WHOSE TERM BEGINS AFTER THE EFFECTIVE DATE OF HB 1568.
IN A.G.OPIN. NO. 81-032, THE ATTORNEY GENERAL CAUTIONED THAT THE KIRK CASE "MUST BE NARROWLY INTERPRETED AS CONTROLLING ONLY IN THE FACTUAL SETTING THEN BEFORE THE COURT." IT SHOULD BE NOTED THAT THERE IS A CASE WHICH IS CONTRARY TO THE RULING IN KIRK. THE CASE IS KAVANAQH V. BROWN, 206 F.SUPP. 479 (E.D.MICH. 1962). THE DECISION BY THE FEDERAL DISTRICT COURT IN KAVANAAH WAS ULTIMATELY APPEALED TO THE UNITED STATES SUPREME COURT AND WAS SUMMARILY AFFIRMED. KAVANAQH V. BROWN, 371 U.S. 35, 83 S.CT. 143, 9 L.ED.2D 112 (1962). THEREFORE, KAVANAAH IS BINDING PRECEDENT FOR A STATE COURT. HICKS V. MIRANDA, 422 U.S. 332,95 S.CT. 2281, 45 L.ED.2D 223 (1975). THE KAVANAGH CASE WAS BROUGHT BY TWO JUSTICES OF THE EIGHT MEMBER SUPREME COURT OF THE STATE OF MICHIGAN. LIKE OKLAHOMA, MICHIGAN HAS A CONSTITUTIONAL PROVISION WHICH FORBIDS ANY CHANGE IN THE COMPENSATION OF GOVERNMENT OFFICIALS DURING THE TERM FOR WHICH THEY WERE ELECTED. MICHIGAN CONST. ART. XVI, SECTION 3. THE EFFECT IS THE SAME AS THAT OF OKLAHOMA CONSTITUTION ARTICLE XXIII, SECTION 10, CITED ABOVE.
IN 1960, THE MICHIGAN LEGISLATURE ENACTED LEGISLATION WHICH INCREASED THE SALARIES PAID TO SUPREME COURT JUSTICES, BUT WHICH BY ITS TERMS DID NOT EXTEND THE BENEFITS OF THE INCREASE TO JUSTICES HOLDING OFFICE AT THE TIME THE LEGISLATION BECAME EFFECTIVE. MICHIGAN PUBLIC ACTS, 1960, ACT NO. 163. AS A RESULT OF THE MICHIGAN LEGISLATION, EVEN THOUGH ALL JUSTICES OF THE MICHIGAN SUPREME COURT PERFORMED PRECISELY THE SAME DUTIES, SOME WERE COMPENSATED AT A HIGHER RATE THAN OTHERS. MOREOVER, SOME JUSTICES WHO HAD SERVED ON THE COURT FOR A LONGER PERIOD OF TIME WERE PAID LESS THAN JUSTICES WHO HAD LESS SERVICE. WITHOUT QUESTION, THERE WAS A DIFFERENCE OF TREATMENT AMONG THE JUSTICES INSOFAR AS THEIR SALARIES WERE CONCERNED. SUCH INEQUALITY OF TREATMENT WAS ASSERTED TO VIOLATE THE CONSTITUTIONAL GUARANTEE OF EQUAL PROTECTION.
THE THREE-JUDGE PANEL IN KAVANAAH, HOWEVER, TOTALLY REJECTED THE CONSTITUTIONAL ARGUMENT, FINDING THAT RESTRICTIONS ON CHANGES IN THE COMPENSATION OF ELECTED OFFICIALS DURING THEIR TERMS SERVE GENERALLY RECOGNIZED RATIONAL AND SALUTARY PURPOSES. THE PANEL SAID:
 "THE PURPOSE OF THE CONSTITUTIONAL INHIBITION NOW UNDER CONSIDERATION IS TO MAKE SURE THAT THE JUDGE AND THE ELECTORATE ARE ADVISED BEFORE HE IS APPOINTED OR ELECTED WHAT HIS COMPENSATION WILL BE, WITH THE ASSURANCE THAT IT CANNOT BE CHANGED BY THE LEGISLATURE DURING THE TERM; THAT THE JUDGE IS PRECLUDED FROM USING HIS PERSONAL INFLUENCE OR OFFICIAL ACTION TO HAVE THE LEGISLATURE INCREASE HIS SALARY; AND THAT AT THE SAME TIME HE IS PROTECTED AGAINST THE LEGISLATURE AND THE PEOPLE FROM DECREASING HIS COMPENSATION AFTER HIS TERM BEGINS. . . . WE ARE UNABLE TO SAY THAT THIS PROVISION DOES NOT PROVIDE EQUAL PROTECTION OF THE LAWS."
KAVANAAH, 206 F.SUPP. AT 485 (EMPHASIS ADDED).
THE CASE WAS APPEALED DIRECTLY TO THE UNITED STATES SUPREME COURT, WHICH SUMMARILY AFFIRMED THE DECISION OF THE THREE-JUDGE PANEL. THUS, THE RULE ANNOUNCED BY THE PANEL IN KAVANAAH, BY OPERATION OF THE SUMMARY AFFIRMANCE, HAS BECOME THE BINDING LAW OF THIS COUNTRY. SEE MILLER V. BOLES, 248 F.SUPP. 49 (N.D.W.VA. 1965), OVERRULED ON OTHER GROUNDS, 377 F.2D 423, 426 (4TH CIR. 1967); SEE ALSO CASES CITED, ANNOTATION. PRECEDENTIAL WEIGHT OF SUPREME COURT'S MEMORANDUM DECISION SUMMARILY AFFIRMING LOWER FEDERAL COURT JUDGMENT ON APPEAL OR SUMMARILY DISMISSING APPEAL FROM STATE COURT — FEDERAL CASES, 45 L.ED.2D 791 (1975).
IT WOULD APPEAR UNDER KAVANAAH, WHICH IS THE CONTROLLING LAW, THAT DISCRIMINATION IN COMPENSATION BY VIRTUE OF A CONSTITUTIONAL PROVISION SUCH AS ARTICLE XXIII, SECTION 10 IS NOT A VIOLATION OF THE EQUAL PROTECTION GUARANTEES OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. IT IS, THEN, MY OPINION THAT COUNTY OFFICIALS WHOSE TERMS BEGIN AFTER THE EFFECTIVE DATE OF HB 1568 CAN BE PAID A SALARY HIGHER OR LOWER THAN THAT PAID TO SIMILARLY SITUATED INCUMBENT COUNTY OFFICIALS, SO LONG AS THE SALARY DOES NOT EXCEED THE LIMITS SET FORTH IN HB 1568. I DO NOT ADDRESS WHETHER SIMILARLY SITUATED COUNTY OFFICERS MAY BE PAID DIFFERENTLY WHEN THEIR TERMS ARE COTERMINOUS.
AGAIN, THE SALARY AMOUNTS SET FORTH IN HB 1568 ARE LIMITS, NOT MANDATES. IT IS WITHIN THE DISCRETION OF THE APPROPRIATE AUTHORITIES TO SET SALARIES OF COUNTY OFFICERS WITHIN THOSE LIMITS, SO LONG AS THE SALARY OF AN OFFICIAL ALREADY IN OFFICE AS OF JULY 1, 1993, IS NEITHER RAISED NOR LOWERED. WHETHER THE SALARY OF ANY PARTICULAR OFFICIAL CAN BE CHANGED IS A QUESTION OF FACT WHICH CANNOT BE ANSWERED BY THIS OPINION.
(GAY ABSTON TUDOR)
** SEE OPINION NO. 94-999 (1994) **